I concur in order to propound my view on one of the issues raised by appellant.
Appellant attempts to excuse his breach by claiming impossibility of performance. As a general rule, subsequent impossibility of performance will not discharge a promisor.Hawkins v. First Federal Savings Loan Ass'n, 291 Ala. 257,280 So.2d 93 (1973). But the rule has exceptions. It is said the promisor must perform unless the performance is rendered impossible by act of God, by the law, or by the other party.Jewel v. Jackson Whitsitt Cotton Co., 294 Ala. 112,313 So.2d 157 (1975). Here, appellant claims the subsequent court order voiding exception to the covenant rendered performance impossible, and, therefore, he should be excused from his obligation. I disagree. "A contractual duty . . . is discharged, in the absence of circumstances showing either acontrary intention or contributing fault on the part of theperson subject to the duty, where performance is subsequently prevented or prohibited .. by a judicial, executive or administrative order. . . ." Restatement of Contracts § 458 (1932) (emphasis supplied). The circumstances surrounding formation of appellant's contract indicate the possibility of judicial or administrative interference was recognized and the risk of it was assumed by appellant. Further, the evidence shows that judicial intervention occurred because appellant failed to obtain consent from the option holder for the waiver of covenant. Appellant's case, then, cannot fall within the legal impossibility exception, and it was incumbent on him to perform as agreed.